IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VANCE AURIS MCMILLAN,
    Plaintiff,

vs.                                            Case No. 3:11cv158/MCR/CJK

DIRECTOR FLINT JUNOD, et al.,
    Defendants.

---

## REPORT AND RECOMMENDATION

      Plaintiff commenced this civil rights action on March 31, 2011, by filing a complaint under 42 U.S.C. § 1983. (Doc. 1). On November 1, 2011, the Court issued an order requiring plaintiff to submit an amended complaint within thirty days. (Doc. 8). Plaintiff was warned that failure to do so would result in a recommendation that this case be dismissed. (*Id.*).

      A copy of the November 1, 2011 order was mailed to plaintiff at his address of record, the Escambia County Jail. It was returned on November 7, 2011 as undeliverable, marked "Return to Sender, No Longer At This Address." (Doc. 9). The Court attempted to ascertain plaintiff's whereabouts from the Escambia County Jail's online Inmate Lookup, and re-mailed a copy of the order to plaintiff's stated address upon release. (Doc. 10). The mail was returned on December 12, 2011 as undeliverable, marked "Insufficient Address." (Doc. 11). To date, plaintiff has not

complied with the Court's November 1, 2011 order, or notified the Court of his current address.

Accordingly, it is respectfully RECOMMENDED:

1. That this cause be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to comply with an order of the Court and failure to keep the Court informed of his current address.

2. That the Clerk be directed to close the file.

At Pensacola, Florida, this 13th day of December, 2011.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).